UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL GARCIA,

    Plaintiff,

v.                              Case No. _____

TESLA, INC.,

    Defendant.

## NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN:**

Defendant TESLA, INC. ("Tesla") hereby removes this case from the State of Wisconsin, Milwaukee County Circuit Court, to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. section 1441, based upon federal question jurisdiction under 28 U.S.C. section 1331 and diversity jurisdiction as defined by 28 U.S.C. section 1332.

The basis for removal is as follows:

1. On or about December 3, 2020, Plaintiff, Daniel Garcia, commenced this action in the Milwaukee County Circuit Court for the State of Wisconsin, entitled *Daniel Garcia v. Tesla, Inc.*, Case Number 2020-CV-007066, alleging causes of action against Tesla in relation to his October 25, 2018 purchase of a 2018 Tesla Model 3, VIN: 5YJ3E1EB3JF074921. A true and correct copy of the Milwaukee County Court Case Details is attached hereto as Exhibit A.

2. The Summons and Complaint, a true and correct copy of which is attached hereto as Exhibit B, was served on Tesla on December 15, 2020.

3. The Complaint alleges two causes of action, each arising under the Magnuson-Moss Warranty Act, Chapter 15 U.S.C. section 2301, *et. seq.* Count one alleges breach of an

express written warranty, and Count two, breach of implied warranties applicable under sections 2301(7) and 2308. (*See* Ex. B, Compl.)

4. Tesla filed its Answer in Milwaukee County Circuit Court on January 4, 2021, which has been attached hereto as Exhibit C.

5. This Court has federal question jurisdiction under 28 U.S.C. section 1331 because each cause of action arises under the federal Magnuson-Moss Warranty Act, 15 U.S.C. section 2301, *et seq.*, and satisfies the necessary amount in controversy under that statute.

6. This Court also has original jurisdiction under 28 U.S.C. section 1332 and may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Notice of Removal is timely filed as it is filed within thirty (30) days of Tesla's receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

8. The Milwaukee County Circuit Court is located within the Eastern District of Wisconsin, and Plaintiff is also located in the State of Wisconsin. Therefore, venue is proper pursuant to 28 U.S.C. section 130 because this is the "district and division within which such action is pending." *See* 28 U.S.C. § 1446(a).

9. No previous application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Milwaukee County Circuit Court for the State of Wisconsin.

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331

### A. Federal Question Jurisdiction under 28 U.S.C. § 1331

11. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law according to 28 U.S.C. section 1331, if federal law either creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust* 463 U.S. 1, 27-28 (1983).

12. This Court has original jurisdiction because each of Plaintiff's two causes of action "arises under" a federal statute, *i.e.*, 15 U.S.C. § 2301, *et seq.*, otherwise known as the Magnuson-Moss Warranty Act.

### B. Amount in Controversy under 15 U.S.C. § 2301(d)(3)(B)

11. Section 2310(d)(1)(B) of the Magnuson-Moss Warranty Act states that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit… ." 15 U.S.C. § 2310(d)(3)(B).

12. This Court has jurisdiction and removal is proper because the amount in controversy exceeds $50,000.00, exclusive of interests and costs.

13. Although the Complaint does not quantify the specific amount of damages sought to be recovered by Plaintiff,[1] it is facially apparent the amount in controversy exceeds $50,000 for the following reasons:

   a. Plaintiff attached a copy of his Motor Vehicle Purchase Agreement to the Complaint. (*See* Ex. B, Compl. at Exhibit A.) The total sale price of the subject vehicle was $62,200.00. (*See* Ex.B, Compl. at ¶ 4.); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004) (quoting *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)) ("The amount in controversy 'is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed.' ").

   b. The Complaint alleges that "shortly thereafter" Plaintiff's purchase, the Model 3 began to experience "defects" resulting in multiple repair attempts, and ultimately, Plaintiff's revocation of acceptance. (*See* Ex. B., Compl. ¶¶ 3-4, 7-11(a-h), 16.)

   c. Plaintiff alleges further that he "suffered damages in accordance with section 2310(d)(1)," and seeks "[d]iminution in value of the Model 3 or incurred and/or needed costs of repair and all incidental and consequential damages" and "[a]ll

---

[1] Wis. Stat. § 802.02(1m)(a) prohibits a demand for a specific amount of money as to tort claims. *But see also*, *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997) (if state law prohibits plaintiff from praying for specific relief in complaint, federal district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if amount in controversy requirement is met but "is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was file.")

reasonable attorneys' fees, witness fees and all court costs and other fees incurred[.]" (*See* Ex. B., Compl., "WHEREFORE," following ¶¶ 30, 39.)

## II. REMOVAL IS ALSO PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

### A. Diversity of Citizenship Exists

14. Upon information and belief, the Plaintiff is and was at the time this action was filed, a citizen of the State of Wisconsin. (*See* Ex. B, Compl. at ¶ 1.)

15. A corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated. 28 U.S.C. § 1332(c)(1).

16. Tesla is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Palo Alto, California.

17. Accordingly, there is complete diversity of citizenship of the parties.

### B. The Amount in Controversy Exceeds $75,000

18. Although the Complaint does not quantify the specific amount of damages sought to be recovered by Plaintiff,[2] the amount in controversy exceeds $75,000, for the following reasons:

   a. Plaintiff attached a copy of his Motor Vehicle Purchase Agreement to the Complaint. (*See* Ex. B, Compl. at Exhibit A.) The total sale price of the subject vehicle was $62,200.00. (*See* Ex.B, Compl. at ¶ 4.); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402,

---

[2] *See supra* note 1.

406 (7th Cir. 2004) (quoting *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)) ("The amount in controversy 'is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed.' ").

    b. The Complaint alleges that "shortly thereafter" Plaintiff's purchase, the Model 3 began to experience "defects" resulting in multiple repair attempts, and ultimately, Plaintiff's revocation of acceptance. (*See* Ex. B., Compl. ¶¶ 3-4, 7-11(a-h), 16.)

    c. Plaintiff alleges further that he "suffered damages in accordance with section 2310(d)(1)," and seeks "[d]iminution in value of the Model 3 or incurred and/or needed costs of repair and all incidental and consequential damages" and "[a]ll reasonable attorneys' fees, witness fees and all court costs and other fees incurred[.]" (*See* Ex. B., Compl., "WHEREFORE," following ¶¶ 30, 39.)

## CONCLUSION

19. Based on the foregoing, all requirements for original jurisdiction under 28 U.S.C. sections 1331, 1332, and 1441(b) have been met. Tesla therefore requests that this action now pending against it in the Circuit Court of the State of Wisconsin, County of Milwaukee, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

20. This Notice of Removal is timely filed as it is filed within thirty (30) days of Tesla's receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

21. The Milwaukee County Circuit Court is located within the Eastern District of Wisconsin, and Plaintiff is also located in the State of Wisconsin. Therefore, venue is proper pursuant to 28 U.S.C. section 130 because this is the "district and division within which such action is pending." 28 U.S.C. § 1446(a).

22. No previous application has been made for the relief requested herein.

23. Defendant asserts a request for a trial by jury on all issues so triable, with formal demand of same to be made in accordance with Federal Rules 38(b) and 81(c)(3)(B).

24. Tesla will promptly notify Plaintiff and the Circuit Court of this removal as required by 28 U.S.C. section 1446(d).

**BOWMAN AND BROOKE LLP**

Dated: <u>January 14, 2021</u>　　　By:　<u>/s/ Roshan N. Rajkumar</u>
　　　　　　　　　　　　　　　　　　Roshan N. Rajkumar
　　　　　　　　　　　　　　　　　　Olga Tymouch (#1101816)
　　　　　　　　　　　　　　　　　　Roshan N. Rajkumar
　　　　　　　　　　　　　　　　　　150 South Fifth Street, Suite 3000
　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55402
　　　　　　　　　　　　　　　　　　Tel: (612) 339-8682
　　　　　　　　　　　　　　　　　　Fax: (612) 672-3200
　　　　　　　　　　　　　　　　　　roshan.rajkumar@bowmanandbrooke.com
　　　　　　　　　　　　　　　　　　olga.tymouch@bowmanandbrooke.com

　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR**
　　　　　　　　　　　　　　　　　　**DEFENDANT TESLA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served upon the following counsel of record this 14th day of January 2021, by utilizing the CM/ECF system to email him at his respective email address listed below:

Gregory H. Moss, Esq.
Krohn & Moss, Ltd.
10 N. Dearborn Street, 3rd Floor
Chicago, Illinois 60602
Tel.: (312) 578-9428
E:  gmoss@consumerlawcenter.com

*Counsel for Plaintiff*

**BOWMAN AND BROOKE LLP**

/s/ Roshan N. Rajkumar
Roshan N. Rajkumar