# EXHIBIT B



# Service of Process Transmittal
12/15/2020
CT Log Number 538747303

| | |
|---|---|
| **TO:** | Legal Department<br>Tesla, Inc.<br>901 PAGE AVE<br>FREMONT, CA 94538-7341 |
| **RE:** | **Process Served in Wisconsin** |
| **FOR:** | Tesla, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DANIEL GARCIA, PLTF. vs. TESLA, INC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CV007066 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/15/2020 at 12:30 |
| **JURISDICTION SERVED:** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2020, Expected Purge Date: 12/20/2020<br><br>Image SOP<br><br>Email Notification, Legal Department legal@teslamotors.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>301 S. Bedford Street<br>Suite 1<br>Madison, WI 53703<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

FILED
12-03-2020
John Barrett
Clerk of Circuit Court
2020CV007066
Honorable Carl Ashley-33
Branch 33

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **MILWAUKEE COUNTY** |

**DANIEL GARCIA,**
2939 S. 38t St.
Milwaukee, WI 53215

        Plaintiff,                    Case No.

  vs.

**TESLA, INC.,**
c/o C T Corporation System (Registered Agent)    Code Nos.    30303
301 S. Bedford St., Ste. 1                                                   30301
Madison, WI 53703

        Defendant.

## SUMMONS

**THE STATE OF WISCONSIN**, To each party named above as a Defendant:

    You are hereby notified that the above-named Plaintiff has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action. Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements set forth in the Wisconsin Statutes. The answer must be sent or delivered to the Court, whose address is **Milwaukee County Clerk of the Circuit Court, 901 N. 9th St., Milwaukee, WI 53233, and to Krohn & Moss, Ltd., Plaintiff's attorneys, whose address is 10 N. Dearborn St., 3rd Fl., Chicago, IL 60602**. You may have an attorney help or represent you.

    If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A

judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 3rd day of December, 2020.

                                                      KROHN & MOSS, LTD.

By: _____
      Gregory H. Moss
      Attorney for Plaintiff
      SBN: 1041517

KROHN & MOSS, LTD.
Attorneys for Plaintiff
10 N. Dearborn St., 3rd Fl.
Chicago, IL 60602
(312) 578-9428
gmoss@consumerlawcenter.com

Case 2020CV007066    Document 2    Filed 12-03-2020    Page 3 of 11

FILED
12-03-2020
John Barrett
Clerk of Circuit Court
2020CV007066
Honorable Carl Ashley-33
Branch 33

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
|---|---|---|

DANIEL GARCIA,
2939 S. 38t St.
Milwaukee, WI 53215

        Plaintiff,                Case No.

  vs.

TESLA, INC.,
c/o C T Corporation System (Registered Agent)    Code Nos.   30303
301 S. Bedford St., Ste. 1                                       30301
Madison, WI 53703

        Defendant.

## COMPLAINT

NOW COMES the Plaintiff, DANIEL GARCIA, by and through Plaintiff's attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, TESLA, INC., alleges and affirmatively states as follows:

### PARTIES

1.    Plaintiff, DANIEL GARCIA ("Plaintiff"), is an individual who was at all times relevant hereto residing in the State of Wisconsin.

2.    Defendant, TESLA, INC. ("Manufacturer"), is a foreign corporation authorized to do business in the State of Wisconsin, County of Milwaukee and is engaged in the manufacture, sale and/or distribution of motor vehicles and related equipment and services. Manufacturer is also in the business of marketing, supplying and selling written warranties to the public at large.

### BACKGROUND

3.    On or about October 25, 2018, Plaintiff purchased a 2018 Tesla Model 3 ("Model 3"), manufactured and distributed by Manufacturer, Vehicle Identification No.

5YJ3E1EB3JF074921 for valuable consideration (See copy of Plaintiff's Motor Vehicle Purchase Agreement, attached hereto as Exhibit "A").

4.  The purchase price of the Model 3 totaled $62,200.00.

5.  Plaintiff avers that as a result of the ineffective repair attempts made by Manufacturer, through its authorized dealership network, the Model 3 cannot be utilized for personal, family or household use as intended by Plaintiff at the time of purchase.

6.  In consideration for the purchase of the Model 3, Manufacturer issued and supplied to Plaintiff its written warranty which included four (4) year or fifty thousand (50,000) mile bumper to bumper coverage, eight (8) year or one hundred and twenty thousand (120,000) mile powertrain coverage as well as other warranties fully outlined in Manufacturer's New Car Warranty booklet.

7.  On or about October 25, 2018, Plaintiff took possession of the Model 3 and shortly thereafter experienced the defects listed below.

8.  The defects described below violate Manufacturer's warranty issued to Plaintiff as well as the implied warranty of merchantability.

9.  Plaintiff delivered the Model 3 to Manufacturer, through its authorized dealership network, on numerous occasions.

10. Plaintiff avers that the Model 3 has been subject to repair multiple times for the same defects and the defects remain uncorrected.

11. Plaintiff brought the Model 3 to an authorized service dealer of Manufacturer for the following defects that include but are not limited to:

   a. Defective electrical system as evidenced by interior dome light above rear view mirror going on and off, vehicle not unlocking automatically when walking to the vehicle, key card not unlocking the door and alert for left front restraint system fault and front passenger safety restraint system fault coming on;

    b. Defective speakers as evidenced by speaker nearest to the passenger side by the hazard lights blown and poor sound quality;
    c. Defective body/trim as evidenced by seats squeaking, noises in seat and dashboard, rattle from center console area, vibration noise from the dash, noise in the trunk area, rattle noise from rear of the vehicle and squeaking noise and vibration in the front end;
    d. Defective steering/suspension as evidenced by vibrating at 50+ mph;
    e. Defective transmission as evidenced by clicking noise on acceleration and on deceleration when the regenerative braking kicks in;
    f. Defective HVAC as evidenced by strong odor from vents when heat is on;
    g. Defective windows as evidenced by driver's side window glitchy and left front window catching while rolling up; and
    h. Any additional defects, whether or not they are contained on any dealer repair orders.

12. Plaintiff provided Manufacturer, through its authorized dealership network, sufficient opportunities to repair the Model 3.

13. After a reasonable number of attempts to cure the defects in Plaintiff's Model 3, Manufacturer was unable and/or has failed to repair the defects as provided in Manufacturer's warranty.

14. Plaintiff justifiably lost confidence in the Model 3's safety and/or reliability.

15. Plaintiff could not have reasonably discovered said defects prior to Plaintiff's acceptance of the Model 3.

16. As a result of the defects, Plaintiff revoked acceptance of the Model 3.

17. At the time of revocation, the Model 3 was in substantially the same condition as at the time of delivery except for damage caused by its own defects and ordinary wear and tear.

18. Manufacturer refused Plaintiff's demand for revocation and has refused to provide Plaintiff with the remedies to which Plaintiff is entitled upon revocation.

19. The Model 3 remains in a defective and unmerchantable condition and continues to exhibit the above-mentioned defects.

20. Plaintiff has been and will continue to be financially damaged due to Manufacturer's failure to comply with the provisions of its written warranty and its failure to provide Plaintiff with a merchantable Model 3.

### COUNT I
### BREACH OF WRITTEN WARRANTY
### PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
### MANUFACTURER

21. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-20 of this Complaint.

22. Plaintiff is a purchaser of a consumer product who received the Model 3 during the duration of a written warranty period applicable to the Model 3 and who is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

23. Manufacturer is a person engaged in the business of making a consumer product directly available to Plaintiff.

24. The Magnuson-Moss Warranty Act, Chapter 15 U.S.C., Section 2301, et. seq. ("Warranty Act") is applicable to Plaintiff's Complaint in that the Model 3 was manufactured and sold after July 4, 1975 and costs in excess of ten dollars ($10.00).

25. Plaintiff's purchase of the Model 3 was accompanied by a written factory warranty for any defects in material or workmanship, comprising an undertaking in writing in connection with the purchase of the Model 3 to repair or replace defective parts or take other remedial action free of charge to Plaintiff with respect to the Model 3 in the event that the Model 3 failed to meet the specifications set forth in Manufacturer's warranty.

26. Manufacturer's warranty was the basis of the bargain of the contract between Plaintiff and Manufacturer for the sale of the Model 3 to Plaintiff.

27. Plaintiff's purchase of the Model 3 was induced by, and Plaintiff relied upon, Manufacturer's written warranty.

28. Plaintiff has met all of Plaintiff's obligations and preconditions as provided in Manufacturer's written warranty.

29. As a direct and proximate result of Manufacturer's failure to comply with its written warranty, Plaintiff has suffered damages and in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

30. Plaintiff avers that upon successfully prevailing upon the Warranty Act claim herein, all attorneys' fees are recoverable and are demanded against Manufacturer.

WHEREFORE, Plaintiff prays for judgment against Manufacturer as follows:

   a. Diminution in value of the Model 3 or incurred and/or needed costs of repair and all incidental and consequential damages;
   b. All reasonable attorneys' fees, witness fees and all court costs and other fees incurred; and
   c. Such other and further relief that the Court deems just and appropriate.

## COUNT II
## BREACH OF IMPLIED WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT
## MANUFACTURER

31. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-20 of this Complaint.

32. The Model 3 purchased by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. §2301(7) running from Manufacturer to Plaintiff.

33. Manufacturer is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

34. Manufacturer is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Manufacturer has entered into a contract

in writing within ninety (90) days from the date of purchase to perform services relating to the maintenance or repair of a motor vehicle.

35. Pursuant to 15 U.S.C. §2308, Plaintiff's Model 3 was impliedly warranted to be substantially free of defects in both material and workmanship and thereby fit for the ordinary purpose for which the Model 3 was intended.

36. The Model 3 was warranted to pass without objection in the trade under the contract description and was required to conform to the descriptions of the Model 3 contained in the contracts and labels.

37. The above-described defects present in the Model 3 render the Model 3 unmerchantable and therefore not fit for the ordinary purpose for which the Model 3 was intended and as represented by Manufacturer.

38. As a result of the breach of implied warranty by Manufacturer, Plaintiff is without the reasonable value of the Model 3.

39. As a result of the breach of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturer as follows:

    a. Diminution in value of the Model 3 or incurred and/or needed costs of repair and all incidental and consequential damages;
    b. All reasonable attorneys' fees, witness fees and all court costs and other fees incurred; and
    c. Such other and further relief that the Court deems just and appropriate.

KROHN & MOSS, LTD.

By: /s/ Gregory H. Moss  
　　Gregory H. Moss  
　　Attorneys for Plaintiff  
　　SBN: 1041517

KROHN & MOSS, LTD.  
Attorneys for Plaintiff  
10 N. Dearborn St., 3rd Fl.  
Chicago, IL 60602  
(312) 578-9428  
gmoss@consumerlawcenter.com

# EXHIBIT A





Motor Vehicle Purchase Agreement; Vehicle Configuration  
Tesla, Inc. ©2017

RN109186063

Page 1 of 1

**2 of 8**

# TESLA

## MOTOR VEHICLE PURCHASE AGREEMENT
### Final Price Sheet

| DATE OF AGREEMENT: | October 25, 2018 |
|---|---|
| BUYER'S AND CO-BUYER'S NAME AND ADDRESS: | SELLER'S NAME AND ADDRESS: |
| DANIEL GARCIA<br>2939 S 38TH ST,<br>MILWAUKEE, WI 53215 | TESLA INC.<br>1200 OLD SKOKIE ROAD<br>HIGHLAND PARK, IL 60035 |
| VEHICLE TO BE DELIVERED ON OR ABOUT: | 10/25/2018 |

### DESCRIPTION OF PROPERTY

| New/Used | Year | Make | Model | Style | Vehicle Identification Number | Odometer |
|---|---|---|---|---|---|---|
| New | 2018 | TESLA | Model 3 | 4-DR | 5YJ3E1EB3JF074921 | 50 |

### PURCHASE PRICE

1. **Total Vehicle Price**
   - A. Cash price of motor vehicle, options, accessories and fees. (See attached Vehicle Configuration for itemization.) $ 62,200.00 (A)
   - B. Other: N/A $ 0.00 (B)
   - C. Other: N/A $ 0.00 (C)
   - Total Vehicle Price (A through C) $ 62,200.00 (1)
2. **Sales Tax Calculation**
   - A. Trade-in tax credit (if applicable) $ 0.00 (A)
   - B. Taxable Fees (if applicable) $ 0.00 (B)
   - C. Subtotal of Taxable Items $ 62,200.00 (C)
   - D. Sales Tax $ 0.00 (2D)
   - E. Other: N/A $ 0.00 (2E)
   - Total Cash Price (1 plus 2D and 2E) $ 62,200.00 (2)
3. **Amounts Paid to Government Agencies***
   - A. Registration/Transfer/Titling Fees $ 0.00 (A)
   - B. License Fee (if applicable) $ 0.00 (B)
   - C. Tire Fee (if applicable) $ 0.00 (C)
   - D. Battery Fee (if applicable) $ 0.00 (D)
   - E. Other Fee(s): Title Fee $ 0.00 (E)
   - F. Other Fee(s): Registration Service Fee $ 0.00 (F)
   - Total Government Fees (A through F) $ 0.00 (3)
4. **Subtotal (2 plus 3)** $ 62,200.00 (4)
5. **Total Credits**
   - A. Deposit $ 2,500.00 (A)
   - B. Financed Amount: Heritage Credit Union $ 59,700.00 (B)
   - C. EV Incentive (if applicable) $ 0.00 (C)
   - D. Trade in value applied to purchase (if applicable) $ 0.00 (D)
   - E. Customer downpayment $ 0.00 (E)
   - F. Other Credits $ 0.00 (F)
   - Total Credits (A through F) $ 62,200.00 (5)
6. **Amount Due from Buyer (4 through 5)** $ 0.00 (6)

*Seller may retain or receive part of the amounts paid to others.

Auto Broker Fee: This transaction is not subject to a fee received by an auto broker from Seller unless this box is checked:  
☐ If checked, name of auto broker receiving fee: n/a

Motor Vehicle Purchase Agreement – Final Price Sheet (v. 20180731)  
Tesla, Inc. ©2018

Page 1 of 1

---

# TESLA

## Motor Vehicle Order Agreement
### Terms & Conditions

**Documentation.** Your Model 3 Motor Vehicle Order Agreement (the "Agreement") is made up of the following documents:

1. **Vehicle Configuration**: The Vehicle Configuration describes the vehicle that you configured and ordered, including pricing (excluding taxes and official or government fees).
2. **Final Price Sheet**: The Final Price Sheet will be provided to you as your delivery date nears. It will include final pricing based on your final Vehicle Configuration and will include taxes and official or governmental fees.
3. **Terms & Conditions**: These Terms & Conditions are effective as of the date you place your order and make your Order Payment (the "Order Date").

**Agreement to Purchase.** You agree to purchase the vehicle (the "Vehicle") described in your Vehicle Configuration from Tesla, Inc. or its affiliate ("we," "us" or "our"), pursuant to the terms and conditions of this Agreement. Your Vehicle is priced and configured based on features and options available at the time of order and you can confirm availability with your Owner Advisor. Options, features or hardware released after you place your order may not be included in or available for your Vehicle.

**Purchase Price, Taxes and Official Fees.** The purchase price of the Vehicle is indicated in your Vehicle Configuration. This purchase price does not include taxes and official or government fees, which could amount to up to 10% or more of the Vehicle purchase price. Because these taxes and fees are constantly changing and will depend on many factors, such as where you register the Vehicle, they will be calculated closer to the time of delivery and indicated on your Final Price Sheet. You are responsible for paying these additional taxes and fees.

**Order; Nonrefundable Order Payment; Changes.** Once you submit your completed order, we will locate a vehicle to match your Vehicle Configuration and coordinate the shipment of the Vehicle for delivery. **Your Order Payment covers the cost of these activities and other processing costs and is nonrefundable; it is not a deposit for the Vehicle.** Any changes to your Vehicle Configuration, delivery location or expected delivery time after the Order Date will be difficult, if not impossible, for us to accommodate. If you want to make changes to your order, we will try to accommodate your request. If we accept your request, you will be subject to a non-refundable $500 change fee and potential price increases for any pricing adjustments made since your original Order Date. Any changes made by you to your Vehicle Configuration, including changes to the delivery ~~location~~ reflected in subsequent ~~Vehicle Configuration~~ that ~~will~~ form part of this Agreement.

**Cancellation; Default.** We incur significant costs in managing your order, and locating and coordinating delivery logistics for your Vehicle. We may also incur significant costs for remarketing and reselling the Vehicle, including additional coordination, logistics and transport costs. If you cancel or default in this Agreement, you will not be refunded your Order Payment as it has already been earned by us in taking and processing your order. You acknowledge that the Order Payment amou██████████████████████████████████████ we have incurred or may incur as a result of your breach of this Agreement, damages that are otherwise impracticable or extremely difficult to determine. When you take delivery of the vehicle we



FILED
12-03-2020
John Barrett
Clerk of Circuit Court
2020CV007066
Honorable Carl Ashley-33
Branch 33

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
|---|---|---|

**DANIEL GARCIA,**
2939 S. 38t St.
Milwaukee, WI 53215

    **Plaintiff,**        Case No.
 vs.

**TESLA, INC.,**
c/o C T Corporation System (Registered Agent)  Code Nos. 30303
301 S. Bedford St., Ste. 1               30301
Madison, WI 53703

    **Defendant.**

## JURY DEMAND

The Plaintiff, DANIEL GARCIA, by and through Plaintiff's attorneys, KROHN & MOSS, LTD., by Gregory H. Moss, hereby demands a six-person jury trial.

Dated this 3rd day of December, 2020.

                KROHN & MOSS, LTD.

                By: _____
                  Gregory H. Moss
                  Attorneys for Plaintiff
                  SBN: 1041517

KROHN & MOSS, LTD.
Attorneys for Plaintiff
10 N. Dearborn St., 3rd Fl.
Chicago, IL 60602
(312) 578-9428
gmoss@consumerlawcenter.com